## HURST v. HURST.
No. 24925.

Circuit Court, Lake County.

April 18, 1967.

W. B. Hunter and Walter Warren, both of Tavares, for plaintiff.

Gordon H. Savage, Jr., Leesburg, for defendant.

W. TROY HALL, Jr., Circuit Judge.

*Final decree:* This cause came on for final hearing on March 6, 1967 in chambers at Tavares on plaintiff's complaint for divorce and defendant's answer thereto. Both parties were represented by counsel. The court having taken the testimony of the plaintiff and her witnesses and the testimony of the defendant and his witnesses, and considered the evidence offered by the defendant, it appears to the court as follows —

The testimony of the plaintiff and witnesses on her behalf has clearly established her grounds for divorce alleged in her complaint.

The defendant in his written defenses, which is his only pleading in the cause, has not countersued for divorce or any other relief, and has not prayed for any relief concerning the children of the parties. The defendant has relied on the doctrine of recrimination in an effort to defeat plaintiff in her action for divorce.

There was testimony to show, or at least infer, certain misconduct on the part of the plaintiff. The time of most of the suggested misconduct on the part of the plaintiff was not given by the witnesses, leaving only to conjecture when it might have happened, there having been only one alleged incident which was specified as to time and that back in November of 1963. The testimony of this particular witness did not appear reliable to the court, and her testimony was denied by the plaintiff.

It appears to this court from the decisions of our appellate courts in this state that recrimination is not an absolute defense, but is a qualified defense, and the question whether it shall be held to be a defense is a matter of sound judicial discretion depending upon public policy, public welfare, and the exigencies of the case at bar. This doctrine in divorce cases is an outgrowth of the maxim that "he who comes into equity must come with clean hands." However, if the maxim were to be applied strictly, great inequity might be done, because it often happens that neither party to a divorce action is free from fault.

The recent trend of our Florida courts leans toward the theory of not denying a divorce to a party simply because the other party is also at fault, when such would mean subjecting the parties to the hardship of being forced to continue their marriage with the probability of great detriment to the parties themselves and to their offspring. In Cole v. Cole, Circuit Court, Dade County, February 26, 1953, reported in 3 Fla. Supp. 91, where

the master recommended that the wife be granted a divorce for cruelty, Circuit Judge Vincent C. Giblin granted a divorce, stating that both were at fault for the marital misfortune and that it was not necessary to decide who was more to blame, because it was clear that the resumption of marital relations would subject them both to extreme mental cruelty. An appeal to the Florida Supreme Court was dismissed without opinion, 71 So. 2d. 907.

This court also takes note of the recent opinion of the Fourth District Court of Appeal in Spencer v. Spencer, 193 So. 2d 40. In that case the wife sued for divorce in the circuit court for St. Lucie County, and the husband counterclaimed for annullment and divorce. After the taking of testimony, the lower court dismissed both the complaint and the counterclaim. The district court determined that the legal effect of the evidence was sufficient to prove the alleged grounds for divorce upon behalf of the wife or the alleged grounds for annullment or a divorce upon behalf of the husband. The court further stated — "neither party is domesticated, and the marriage should be dissolved."

The court held that the doctrine of recrimination should not apply in that case, its application being most applicable when a party seeks to take advantage of an act or omission which he himself induced. In the case at bar, this court holds that the doctrine of recrimination is not applicable here, and that a divorce should be granted in this case.

The court now looks to the prayers of the plaintiff for custody of the minor children of the parties, for support money for the children, and attorney's fees. As stated, the defendant has made no prayer for any relief concerning the children or otherwise, except to ask that a divorce be denied.

Although there have been suggestions in this record that the plaintiff may have committed adultery, the court has found no testimony sufficient to sustain proof of such a fact. In Bennett v. Bennett, 146 So. 2d 588 (1962), the Second District Court of Appeal stated at page 591 — "Adultery or marital misconduct in and of itself does not necessarily demonstrate that a parent is unfit to have custody of the children."

Neglect of the children or misconduct in the presence of or in such manner as to come back to the injury of the children is a different matter. The testimony in this case demonstrates to the court that the plaintiff has been guilty of discreet indiscreions, but there is no indication that she has neglected her children

or that her conduct has in any way adversely affected her children. The testimony shows no misconduct on her part in the presence of her children, but in fact shows that she has much love and affection for her children and for their welfare and well being.

At the time of the taking of the testimony, it was shown that the parties had been separated for about seven months with the plaintiff living and working in Tavares and the defendant living and working in Leesburg, both in Lake County. The three youngest children, the two girls and the young boy, have all been residing with their mother, and the two girls have been attending school in Tavares. Until about a month ago, the oldest boy had been staying with his maternal grandmother in Leesburg where he is attending school. However, about a month ago, the maternal grandmother moved from Leesburg and the oldest boy has been staying with his father and is continuing to go to school in Leesburg.

The testimony shows that the plaintiff is employed at the Little General Store in Tavares and earns a weekly salary of $65. On the other hand, the testimony shows that the defendant is employed as a trainman for the Seaboard Air Line Railroad Co. and earns a monthly salary of between $800 and $1,000. The testimony further shows that during the eight or nine months period that the parties have been separated, the defendant has given to the plaintiff for the support of the three minor children with her, only $51. The defendant gave no explanation why he had not contributed more to the support of his younger children. This court feels that this fact alone is an element of extreme mental cruelty.

This court feels that the oldest boy of the parties, now about 16 years of age, is old enough to decide whether he would prefer to reside with his mother or his father. Certainly he should be permitted to remain with his father and attend school in Leesburg until the close of this term, and if he then feels that he would prefer to continue school in Leesburg, and the father is willing to provide a suitable home for him there, he should be allowed to remain there. On the other hand, if he should desire to move to the home of his mother after the close of this school term, he should be permitted to do so.

The court further determines that the attorneys representing the plaintiff are entitled to a reasonable attorney's fee and court costs to be paid by the defendant, and the parties having stip-

ulated in open court that if such fee is to be set the court shall rely upon its judgment in such matters as to the amount of such fee without the taking of expert testimony, the court will set a reasonable fee.

And the court now having given this cause its due consideration, and being advised in the premises, it is ordered, adjudged and decreed —

That the plaintiff, Delores Marie Hurst, be and she hereby is granted a full and complete divorce of and from the defendant, Ray McCarl Hurst, a vinculo matrimonii, and that the bonds of matrimony heretofore existing between the parties, be, and the same hereby are, dissolved.

That the plaintiff, be, and she hereby is awarded full and complete custody of the four minor children of the parties, to-wit: Gregory Allen Hurst, age 16 years, Shelia Ray Hurst, age 13 years, Sherry Anne Hurst, age 9 years, and Timothy John Hurst, age 5 years, and that the defendant is hereby granted all reasonable rights of visitation with said minor children; provided, however, that as to the oldest child, to-wit: Gregory Allen Hurst, he shall have the right to remain with his father in Leesburg until the end of the present school term, and at the close of the present school term, should he elect to remain with his father, he shall have such right, and in such event, the defendant is hereby given custody of the said Gregory Allen Hurst, with the plaintiff hereby granted all rights of reasonable visitation with said minor child.

That the defendant, Ray McCarl Hurst, Jr., shall pay to the plaintiff, Delores Marie Hurst, the sum of $40 per week payable on Saturday of each week hereafter, for the support of the minor children in her custody.

That the defendant shall pay to Walter Warren and W. B. Hunter, attorneys for the plaintiff, an attorney's fee in the sum of $400, together with court costs by them expended in the sum of $24.50 for filing fee and sheriff's costs, payable not less than one-half within thirty days of the date of this decree and the other one-half within sixty days of the date of this decree.

That the defendant shall pay to Alan Hamlin, official court reporter, the sum of $95.50 for his per diem and for transcribing the testimony in this cause, payable within ten days from the date of this order.

That the plaintiff and defendant be, and each of them are hereby required and directed to conduct themselves in a quiet,

peaceful, sober, respectful and law abiding manner when with or around the aforesaid minor children or each other and each of them is specifically restrained from threatening or attempting any verbal or physical assault upon the other and each is hereby enjoined from removing any of the aforesaid minor children from the state of Florida or the jurisdiction of the court without first obtaining the written consent and permission of the other or upon order of court duly petitioned for in writing through an attorney with reasonable notice to the adverse party or attorney of record, and

That this court shall retain jurisdiction over the parties and the subject matter hereto for any and all further orders affecting the support, custody, or visitation of the minor children of the parties.